HAMILTON ARMSTRONG, JR., AND BONNIE ARMSTRONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Armstrong v. Commissioner
Docket No. 3905-73.
United States Tax Court
T.C. Memo 1975-335; 1975 Tax Ct. Memo LEXIS 38; 34 T.C.M. (CCH) 1462; T.C.M. (RIA) 750335; November 10, 1975, Filed *38 Martin L. Fried, for the petitioners. Stephen M. Miller, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,122.53 in petitioners' income tax for the taxable year 1971. All of the facts have been fully stipulated and are found accordingly. Petitioners are husband and wife and resided in Fayetteville, New York, at the time of the filing of the petition herein. They filed a timely joint Federal income tax return for the taxable year 1971 with the district director of internal revenue, Buffalo, New York. Due to agreed adjustments between the parties, the sole issue herein is whether petitioners properly took a credit for an "illegal war tax" of 60 percent of the tax shown to be due on their return. Petitioners, on brief, pose the question as follows: "In light of the failure of Congress to declare war, are the taxpayers entitled to the war tax credit claimed on their 1971 return?" In essence, their contention is that the Vietnam war was an undeclared war and violated an international treaty to which the United States is a party, to wit, the United Nations Charter, that consequently the war was *39 illegal or unconstitutional, and that therefore Congress was without power to levy taxes in support thereof. Leaving aside the questions of justiciability and petitioners' standing (see John David Egnal, 65 T.C. - (Nov. 4, 1975)), petitioners' contention that the Vietnam war was not constitutionally authorized has been firmly rejected. See ; ; ; , cert. den. . But see ; Mr. Justice Marshall's opinion in chambers in . Petitioners' second contention based upon an alleged violation of the United Nations Charter has also been rejected by our recent decision in John David Egnal,supra.
To reflect adjustments on other issues, Decision will be entered under Rule 155.